The Honorable Gilbert Baker State Senator 17 Cooper Lane Conway, AR 72034-7935
Dear Senator Baker:
I am writing in response to your request for my opinion on the following question:
 Can a city write bid specifications or requests for proposals that specifically exclude smaller businesses from participating in the competitive bid process? If so, under what circumstances?
RESPONSE
In my opinion, the answer to this question is "no," although the city is not absolutely bound to accept the lowest bid.
Your question is almost identical to one addressed in the attached Ark. Op Att'y Gen. No. 2000-255, in which my immediate predecessor drew the following conclusion:
 It is my opinion that an Arkansas municipality cannot exclude an individual or firm from bidding. However, . . . municipalities can reject any bid and are not bound to accept a bid simply because it is the lowest bid.
I will not here repeat my predecessor's detailed analysis of the application of A.C.A. §§ 14-58-303 and -22-9-203, as interpreted and applied by the Arkansas Supreme Court. I will merely note that I concur fully in my predecessor's analysis.
Your question is slightly narrower than the one addressed by my predecessor, insofar as you are specifically concerned with the exclusion of "smaller businesses" from the competitive bidding process, whereas my predecessor was faced with the broader question of whether any "individual or firm" might be excluded from the bidding process. However, the category of "smaller businesses" is clearly a subset of "firms," and I believe the proscription against excluding any "firm" from the competitive bidding process consequently extends to "smaller businesses."
Nevertheless, having ventured this opinion, I will further opine that the quality of a business as "smaller" may have implications when the city reviews bids to determine who is the "lowest responsible bidder," as the city is entitled to do under the pertinent legislation, see A.C.A. §14-58-303(b)(2)(A)(iii); whether awarding a contract to the lowest responsible bidder would serve "the best interests of the taxing unit," see A.C.A. § 22-9-203(d); or whether an "exceptional situation" exists that might warrant dispensing altogether with competitive bidding, see A.C.A. § 14-58-303(b)(2)(iii)(B). Again, my predecessor was extremely thorough in his discussion of each of these concepts, and I will not repeat his analysis here. I will merely note that the paramount concern in reviewing the bid of a "smaller business" would in all likelihood be whether the business has the capacity to fulfill what would be its contractual obligations. As my predecessor noted, cities enjoy considerable discretion in making determinations of this sort. However, in response to your specific question, if a city has determined that it should invite competitive bids on a project, the city lacks the discretion to exclude any bidder from the competitive bidding process.
Assistant Attorney General Jack Druff prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB/JHD:cyh